No. 6189.

## EDWARD UTER vs. OSCAR UTER, ET AL.

### Syllabus.

Where there is a general privilege on all the movables and also
privileges of lower rank existing separately on disinct por-
tions of these movables and arising from successive seizures
under execution, the general privilege should be satisfied
first out of the proceeds of the sale of the movables subject
to the privilege of the least ancient seizure.

Appeal from the Civil District Court, Parish of Orleans,
Division "D," No. 99,312.    Honorable Porter Parker,
Judge.

W. J. Waguespack, for plaintiff and appellee.

Roger Meunier, for defendants and appellants.

His Honor, EMILE GODCHAUX, rendered the opinion
and decree of the Court, as follows:

This is a contest between privileged creditors over the
proceeds of the sale of the contents of leased premises, the
fund not being sufficient to satisfy them all.

A judgment creditor of the lessee first seized under
execution two boxes of merchandise in the store and on
the same day the landlord provisionally seized for rent
all the remaining stock as well as these two boxes.    Sev-
eral days later, a second judgment creditor and also the
judgment creditor who had made the first seizure, like-
wise seized under execution the remaining stock in the
store.    The two boxes of merchandise were appraised
and sold separately from the balance of the stock.

It is conceded that the landlord is entitled to payment
in full in preference to the seizing creditors, and the con-
test is solely between the two latter, the first seizing

— 51 —

creditor contending that the principle of distribution applicable to the case of junior mortgages should be observed here, and that accordingly the fund realized from the sale of the balance of the stock, being affected with the junior and least ancient seizure and privilege, should be applied to the payment of the superior general privilege of the landlord before having recourse to the proceeds of the sale of the two boxes, which are subject to his senior and earlier seizure and privilege.

The sheriff followed this course in distributing the proceeds, and the second seizing creditor has appealed and claims that the claim of the landlord should have been satisfied ratably and without distinction from both funds in the proportion that each fund bears to the total fund to be distributed.

By the effect of his timely seizure, the first seizing creditor obtained a privilege which entitled him to payment out of the proceeds of the two boxes by preference over all other creditors; and, in this instance, free even from any claim of the landlord with respect thereto, because, the remainder of the stock being ample in value to meet the claim of the landlord, the latter was without right to proceed against the two boxes to the prejudice of the first seizing creditor, but would be obliged to resort to the other then unincumbered movables in the store to satisfy his claim for rent.

**Succession of Gale, 21 An., 487.**

The first seizing creditor having thus acquired a status which in effect relieved the property which he had seized from the landlord's superior claim and privilege, it is inconceivable upon what theory the Court would be justified in maintaining that his position could be impaired or prejudiced by the subsequent seizure of another

creditor of the lessee and in holding that by the effect alone of this subsequent seizure, the property first seized should now be made to bear the burden of the landlord's superior claim proportionately with the other property of the lessee and thus destroy whatever advantage the first seizing creditor had legitimately secured by the timely issuance of his execution.

On the contrary, we conceive it to be more consonant with reason and equity to adopt in this instance the principle of contribution applicable to junior mortgages, and to hold that the first seizing creditor's rights as against the claim of the landlord having once become fixed should be maintained without impairment and that consequently the property subject to the less ancient seizure should first be absorbed before proceeding to satisfy the landlord's claim in whole or in part from the proceeds of the property affected by the more ancient seizure and privilege.

The case of **Succession of Ange, 36 A., 252**, cited by appellant, is not necessarily analagous, since in that case it does not appear that the two junior mortgagees who were made to contribute ratably to the payment of the superior mortgage debt, occupied as to each other any priority in time in the acquisition of their mortgage rights.

We are satisfied that the sheriff adopted the proper method of distribution and the judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, November 9, 1914.

Rehearing refused, January 6, 1915.